IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

DONNA D. MILLER,

        Plaintiff,

vs.

CAROLYN W. COLVIN,
Acting Commissioner, Social Security
Administration,

        Defendant.

Case No. 12-CV-293-GKF-FHM

## REPORT AND RECOMMENDATION

Plaintiff, Donna D. Miller, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's December 22, 2008, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Charles Headrick was held November 23, 2010. By decision dated February 22, 2011, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on March 14, 2012. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands.  *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 44 years old on date of her application for Supplemental Security Income and 47 on the date of the ALJ's denial decision.  She completed the seventh grade and formerly worked as a housekeeper and kitchen worker.  She claims to have been unable to work since January 1, 2004 as a result of low back pain.

## The ALJ's Decision

The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform the full range of sedentary work as that term is defined in 20 C.F.R. § 416.967(a). Although Plaintiff cannot return to her past relevant work, the ALJ applied Rule 201.24 of the Medical-Vocational Guidelines (Grids).  Rule 201.24 addresses the availability of jobs for one aged 18-44, with a limited education (at least literate and able to communicate in English), with only unskilled prior work or no relevant work experience, and who is limited to sedentary work.  Under Rule 201.24, considering Plaintiff's RFC for sedentary work, her age, education, and work experience, a finding of "not disabled" is directed.  The case was thus decided at step five of the five-step evaluative sequence for determining whether a

claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-752 (10th Cir. 1988)(discussing five steps in detail.

### Plaintiff's Allegations

Plaintiff asserts that the ALJ erred in relying solely on the Vocational-Medical Guidelines (Grids) when she had nonexertional impairments and the ALJ failed to apply the required drug and alcohol abuse analysis to this case.

### Analysis

#### Application of Grids

The Grids are matrices of four factors– physical ability, age, education, and work experience.  The Grids set forth rules that identify whether jobs requiring specific combinations of those factors exist in significant numbers in the national economy. *Daniels v. Apfel*, 154 F.3d 1129, 1132 (10th Cir. 1998) (quoting *Heckler v. Campbell,* 461 U.S. 458, 461-62, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983).  When all factors coincide with the criteria of a Grid Rule, then the ALJ can rely on the Rule to establish the existence of jobs.  20 C.F.R. Pt. 404, Subpt. P. App. 2, 200(b).  The Grids are thus a short-cut method for resolving disability questions whenever the claimant can perform a substantial majority of the work in a designated FRC category.  *Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995).

Plaintiff argues that the ALJ erred in applying the Grids in this case because she has a history of nonexertional impairments of: pain; alcohol abuse; anxiety; and depression. According to Plaintiff resort to application of the Grids to establish the existence of jobs is not appropriate when evaluating such non exertional impairments.

"The presence of a non exertional impairment does not preclude the use of the Grids. Use of the Grids is only precluded to the extent that nonexertional impairments further limit the claimant's ability of perform work at the applicable exertional level." *Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988) (citations omitted). For instance, in *Cathey v. Barnhart*, 61 Fed. Appx. 584 (10th Cir. 2003), 2003 WL 1522278, in an unpublished opinion the Tenth circuit considered whether the Grids were properly applied where Plaintiff had nonexertional impairments of pain, obesity, carpal tunnel syndrome, and depression. The Court found that the Grids were appropriately applied where Plaintiff failed to show that her alleged impairments interfered with her ability to work. *Id*. at 586.

The question in this case is, therefore, not whether pain, alcohol abuse, anxiety, and depression are present, but whether those impairments interfere with Plaintiff's ability to work at the sedentary exertional level performing unskilled work. Plaintiff argues only that the ALJ's use of the Grids was inappropriate, she does not point to any factual basis in the record to challenge the ALJ's conclusion that her alleged nonexertional impairments do not interfere with her ability to perform sedentary work. The ALJ analyzed the evidence concerning Plaintiff's alcohol abuse, [R. 11], hand function, [R. 14], and pain, [R. 16]. To the extent these impairments affect Plaintiff's ability to work they are accounted for in Grid Rule 201.24, which considered the availability of unskilled jobs at the sedentary exertional level. The undersigned finds that Plaintiff has not demonstrated the ALJ erred in applying the Grids to her case.

Application of Drug and Alcohol Abuse Analysis

The Social Security Act was amended in 1996. The definition of disability was changed to <u>exclude</u> drug and alcohol abuse as a basis for disability. 42 U.S.C. § 423(d)(2)(c) provides:

> An individual shall not be considered to be disabled for purposes of this subchapter if alcoholism of drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled.

The Commissioner enacted regulations to implement the amendment. 20 C.F.R. §§ 404.1535 and 416.935 provide as follows:

> (a) General. If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>
> (b) Process we will follow when we have medical evidence of your drug addiction or alcoholism.
>
> (1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.
>
> (2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.
>
> (i) If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.
>
> (ii) If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or

5

> alcoholism is not a contributing factor material to the determination of disability.

The finding of disability is a condition precedent to the application of the rules pertaining to drug and alcohol abuse. *Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th cir. 2001). Since the ALJ found that Plaintiff is not disabled, the ALJ was not required to perform the additional drug and alcohol abuse analysis. The undersigned finds there is no merit to Plaintiff's assertion that the ALJ erred in failing to determine whether her alcoholism was a contributing factor material to the disability determination.

## **Conclusion**

The undersigned finds that the record contains substantial evidence supporting the ALJ's denial of benefits in this case, and that the ALJ applied the correct standards in evaluating the evidence. Therefore the undersigned United States Magistrate Judge RECOMMENDS that the Commissioner's denial of benefits be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation. Such specific written objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before September 24, 2013.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 10th day of September, 2013.

*[signature: Frank H. McCarthy]*

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 10th day of September, 2013.

*[signature: Frank H. McCarthy]*

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE