**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DONNA D. MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-CV-293-GKF-FHM |
| ) | |
| CAROLYN W. COLVIN,[1] ) | |
| Acting Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the court is the Report and Recommendation of the United States Magistrate Judge Frank H. McCarthy on judicial review of a decision of the Commissioner of the Social Security Administration (the "Commissioner") denying disability benefits [Dkt. # 28] and the Objections thereto raised by plaintiff Donna D. Miller ("Ms. Miller"). [Dkt. # 29]. The Magistrate Judge recommends the Commissioner's decision be affirmed.

**I.   Standard of Review**

Pursuant to Fed. R. Civ. P. 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." However, this court's review of the Commissioner's decision is limited to a determination of "whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). Substantial evidence is "such

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Acting Commissioner Carolyn Colvin has been automatically substituted for former Commissioner Michael J. Astrue as defendant in this case.

1

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. It is more than a scintilla, but less than a preponderance. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). The court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *White v. Barnhart*, 287 F.3d 903, 905 (10th Cir. 2001) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)). Even if the court would have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1500 (10th Cir. 1992).

## II.   Procedural Background

Ms. Miller filed for Supplemental Security Income ("SSI") benefits on December 22, 2008, alleging that she was disabled starting on January 1, 2004. [Administrative Record ("AR") 99-101]. Ms. Miller's medical records demonstrated a history of anxiety, alcohol addiction, and back disorders. [AR 11, 12-17]. Ms. Miller last worked in 2007 at a restaurant, but alleges she left that position because her "back couldn't handle it." [AR 30]. Her SSI application was denied initially on May 1, 2009 [AR 54-57] and upon reconsideration on December 11, 2009. [AR. 61-63]. On November 23, 2010, the Administrative Law Judge ("ALJ") conducted an administrative hearing [AR 23-45], and on February 22, 2011 issued his decision determining Ms. Miller not disabled. [AR 9-18]. On March 14, 2012, the Appeals Council denied Ms. Miller's request for further review. [AR 1-3]. Ms. Miller appealed the Commissioner's decision to this court on May 21, 2012. On September 10, 2013, the Magistrate Judge issued the Report and Recommendation recommending that the Commissioner's decision be affirmed. On September 11, 2013, Ms. Miller raised a single objection to the Report and Recommendation, contending that the ALJ erred by relying on the Medical-Vocational Guidelines ("the Grids") in

light of her non-exertional pain impairment.   20 C.F.R. Pt. 404, Subtpt. P, App. 2.

### III. Analysis

In determining whether a claimant is disabled, the Commissioner follows a five-step sequential process.  20 C.F.R. § 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).  The claimant bears the burden of proof at steps one through four.  *Williams*, 844 F.2d at 751 n.2.  At step one the Commissioner determines whether claimant is engaged in substantial gainful activity.  *Id*. at 750.  At step two the Commissioner determines whether claimant has a severe impairment.  *Id.* at 750-51.  At step three the Commissioner determines whether claimant's impairments are equivalent to any of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  *Id.* at 751.  At step four the Commissioner determines whether claimant is capable of performing previous jobs.  *Id.*  At step five the Commissioner bears the burden to demonstrate that claimant has the residual functional capacity ("RFC")[2] to perform other work existing in significant numbers in the national economy in view of claimant's age, education, and work experience.  *Id.*

The ALJ determined that Ms. Miller was not engaged in substantial gainful activity, that she suffered from the severe impairments of "low back pain and allied disorders," that her impairments were not equivalent to any presumptively disabling condition, and that she was incapable of performing her previous jobs of housekeeper and kitchen worker.  [AR 11, 12, 17].  The ALJ determined that Ms. Miller retained the capacity, despite her exertional and non-exertional impairments, to perform the full range of sedentary work.  [AR 12-17].  In determining Ms. Miller capable of performing the full range of sedentary work, the ALJ reviewed and analyzed all of Ms. Miller's medical records.  [AR 12-17, 171-292].  Ms. Miller does not raise objections to the ALJ's treatment of her medical records.  Instead, Ms. Miller

---

[2] A claimant's RFC is the most that claimant can still do despite her limitations.  20 C.F.R. § 416.945(a)(1).

contends that because the ALJ determined her "low back pain and allied disorders" severe, application of the Grids was impermissible.

The mere presence of a non-exertional impairment does not preclude the use of the Grids. *Eggleston v. Bowen*, 851 F.3d 1244, 1247 (10th Cir. 1988). Not every severe impairment will necessarily result in functional limitations. *See Jimison ex rel. Sims v. Colvin*, No. 12-5093, 2013 WL 1150290, at *3 (10th Cir. Mar. 21, 2013). Use of the Grids is precluded only where a non-exertional impairment further limits the claimant's ability to perform work at the applicable exertional level. *Eggleston*, 851 F.3d at 1247. Here, the ALJ found that Ms. Miller was capable of performing the full range of sedentary work. [AR 12]. Ms. Miller fails to point to any functional limitation improperly omitted by the ALJ that would have precluded application of the Grids.

Moreover, Ms. Miller's general contention that her non-exertional pain impairment should preclude application of the Grids is not supported by record evidence. Where an ALJ properly rejects a claimant's allegations of disabling pain, a Grids determination is appropriate. *Polson v. Astrue*, No. 12-7039, 2013 WL 238849, at *3-4 (10th Cir. Jan. 23, 2013); *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1030 (10th Cir. 1994); *Glass v. Shalala*, 43 F.3d 1392, 1396 (10th Cir. 1994). Upon ample evidence, the ALJ concluded that Ms. Miller was not credible to the extent she alleged her pain rendered her unable to perform sedentary work. [AR 13]. This evidence included a March 5, 2009 written evaluation by Michael D. Morgan, Psy. D., who observed that Ms. Miller "attempted to present with other impairments by giving deceptive and evasive responses" and that Ms. Miller was "intelligent enough to know which limitations qualify as disabling and to attempt to present those at severe levels." [AR 13, 214-15]. Notably, Ms. Miller does not contest the ALJ's adverse credibility finding.

The ALJ applied Grid Rule 201.24, which for claimant's physical ability, age, education, and work experience directed a finding that claimant was not disabled. 20 C.F.R. Pt. 404, Subtpt. P, App. 2. The ALJ's determination is supported by substantial evidence.

### IV.    Conclusion

WHEREFORE, plaintiff's Objection to the Magistrate Judge's Report and Recommendation is denied. The Commissioner's decision is affirmed. The court accepts the Magistrate Judge's Report and Recommendation and incorporates it as part of this order. [Dkt. # 28].

IT IS SO ORDERED this 9th day of December, 2013.

.

                                            GREGORY K. FRIZZELL, CHIEF JUDGE
                                            UNITED STATES DISTRICT COURT